*J. H. Gary, solicitor,* contra.

---

## 6243.   MORGAN *v.* THE STATE.

BROYLES, J.   1. Under the conflicting evidence and the defendant's statement at the trial, the jury would have been authorized to find a verdict of murder, or of voluntary manslaughter, or justifiable homicide. The trial judge therefore did not err in charging the jury on the law of voluntary manslaughter.

2. The court did not err in refusing to give the requested instructions set out in paragraphs 2, 3, 4 and 5 of the amendment to the motion for a new trial. While the requests contain correct statements of law, under the evidence these were not involved as issues in the case.

3. The evidence authorized the verdict; no error of law appears, and the judgment overruling the motion for a new trial is          *Affirmed.*
                       DECIDED MAY 4, 1915.

Indictment for murder—conviction of voluntary manslaughter; from McDuffie superior court—Judge Conyers. December 19, 1914.

*John T. West,* for plaintiff in error.

*A. L. Franklin, solicitor-general, J. B. Burnside,* contra.

RUSSELL, C. J., dissenting.   In my opinion the circumstances in proof were ample, when taken in connection with the statement of the defendant, to have required the trial judge to give the requested instructions to the jury; and I think the omission to do this necessarily crippled the defendant in his defense, and weakened the effect of the testimony offered in his behalf. To say the least of it, there is conflict in the evidence as to whether the defendant knew of the relations between his wife and the deceased. There is no evidence to show that he sanctioned these illicit relations. And

though the defendant and his wife were not living together, he stated that when the deceased threatened to shoot into the room (as testified to by several witnesses) he was pleasantly chatting with his wife. Even if the couple were separated, the marriage had not been abrogated by law, and the jury were so likely to be misled by the mass of testimony upon this point that they should have been instructed that it is within the power of spouses who have been separated to resume at pleasure the conjugal relation. I think, therefore, the judgment refusing a new trial should be reversed.